*335
 
 Pearson, C. J.
 

 The statute requires overseers of roads to make and repair bridges and causeways, and to enable them to do so, they are authorised to cut poles and other necessary timber, and provision is made for compensation to the owner of the land by tin application to the county court; Eevised Code, chap. 101, sec. 14, 15, 16.
 

 This is an instance of the exercise, on the part of the sovereign, of the right to take private property for the use of the public, making compensation.
 

 No question is made in regard to the right, but as the property is taken without the consent of the owner, it is proper that the statute should be construed strictly, so as not to carry its operation farther than is sufficient to meet the public necessity which called for the enactment. Giving the plaintiff the benefit of this principle, we are of opinion that the statute gives the overseer power to cut poles, &c., on any land adjoining his section of the road, and that he is not confined to the land immediately adjoining
 
 the spot
 
 where the work is to be done. The words of the statute aré general, and do not point out the place where poles may be cut. So, while, on the one hand, we do not adopt the construction that the overseer may cut poles on any land where he pleases within the county, because so large a power is not necessary for the purpose of the statute, on the other, we do not restrict its operation to the very spot where the causeway or bridge is to be made; because that might defeat the purpose of the statute. For instance: Suppose the place where a causeway is needed, to be in a lane, no woods within half a mile.
 

 As the land of the plaintiff adjoined the defendant’s section of the road, he had the power, according to the true construction of the statute, to cut poles, and the question turned on the manner in which he exercised it. Did he abuse the power ? or did he act
 
 Iona fide ?
 
 with a single eye to the discharge of his duty? Ve entirely approve of the manner in which this question was left to the jury. There is no error.
 

 PeR Curiam,
 

 Judgment affirmed.